GEORGE J. RAYMOND & CO. *vs.* THE NARRAGANSETT TINWARE CO.

Garnishment being a purely statutory proceeding, the garnishee's liability must be determined in the mode and by the evidence prescribed by statute.

Nothing, in Pub. Stat. R. I. cap. 123, § 10, authorizes the introduction of extrinsic evidence to determine the garnishee's liability.

EXCEPTIONS to the Court of Common Pleas.

*December* 26, 1883. PER CURIAM. The writ in this case was served on the defendants personally, and also by garnishment on

one Charles M. Raymond, to attach the personal estate of the defendants in the hands of Charles M. Raymond and L. H. Raymond, doing business as Raymond & Company. Charles M. Raymond made affidavit as garnishee, admitting that his firm had in their hands when served personal estate of the defendants to the amount of $116.61. In the court below the defendants submitted to judgment. They then moved that the garnishees be discharged, and submitted testimony other than that of the garnishees to show that before the garnishment they, the defendants, had made a general assignment for the benefit of their creditors. The plaintiffs contested the validity of the assignment. The court, after hearing the testimony, discharged the garnishees, and the plaintiffs excepted.

We think the court below committed an error in hearing the oral testimony. The proceeding in cases of garnishment is purely statutory. The statute prescribes the mode in which the liability of the garnishee is to be determined when he appears and makes affidavit, namely, by his affidavit, and by his written examination supplementing it, if such examination be taken. Pub. Stat. R. I. cap. 208, §§ 10, 11, 12, 13.[1] We think this testimony, so author-

---

[1] As follows :

SECT. 10. The person, member of the copartnership, or officer of the corporation with whom a copy of a writ shall have been left for the purpose of attaching the personal estate of the defendant in the hands or possession of such person, copartnership, or corporation, as trustee, shall render an account, in writing, upon oath, to the court to which such writ is returnable, of what estate such person, copartnership, or corporation had in his hands or possession at the time such writ was served, if any, or if he had none either directly or indirectly, shall return such fact in writing, under oath, to such court.

SECT. 11. The disclosure made by virtue of either of the two preceding sections shall be sworn to before any person authorized to administer oaths, and shall be filed with the clerk of the court, if there be a clerk, otherwise with the court to which such writ shall be returnable.

SECT. 12. Either party may examine the person so making oath, upon written interrogatories, to be filed with such clerk, or court, if there be no clerk; and such person, after having been furnished with a copy of such interrogatories, shall answer the same responsively in writing, under oath administered as aforesaid, and shall return the answer to such clerk, or to such court, if there be no clerk, at such time as such court shall, by general rule or by special order in such case, direct.

ized, is the only competent testimony by which the garnishee making affidavit can be charged. Previous to the recent provision for charging the garnishee no question could have been entertained on that point. The provision referred to is contained in Pub. Stat. R. I. cap. 213, § 10.[1] It provides that when the garnishee appears and answers " as to whether he is or is not a trustee of the defendant," the court shall determine whether he is chargeable, and if chargeable, to what extent. The purpose of the provision was not to change the mode in which the liability of the garnishee is to be determined, but only to enable the plaintiff to have him charged in the original action. To allow his liability to be determined by extrinsic testimony would be to allow one case to be litigated in another, and that, too, without any pleadings or the right of jury trial. It cannot be supposed that this was intended. In the case at bar the only competent testimony before the court was the affidavit of the garnishee Charles M. Raymond, and upon that the garnishees ought to have been charged. We think, therefore, that the exception must be sustained and the case remitted to the court below for further hearing on the question of charging the garnishees.

*Exceptions sustained.*

*Nathan W. Littlefield,* for plaintiff.
*Charles A. Wilson,* for defendant and garnishees.

---

Sect. 13. If it shall appear by the disclosure of the person making such oath that the person, copartnership, or corporation served with a copy of such writ had at the time of service thereof any of the personal estate of the defendant in his or their hands, then and in such case the plaintiff, after having recovered judgment against such defendant, may bring his action against such person, copartnership, or corporation, to recover so much as will satisfy such judgment, with interest and costs, if there shall appear by such disclosure to be a sufficiency for the same, otherwise for so much as shall appear by the same to be in his hands.

[1] As follows :

Sect. 10. Whenever any person shall be served with a copy of a writ by which he shall be sought to be charged as trustee of the defendant named therein, and such person shall appear and answer to the action so commenced as to whether he is or is not a trustee of the defendant, the court in which such action is brought or may be pending shall determine whether the person so served is properly chargeable as the trustee of the defendant, and if chargeable, to what extent.